385 A.2d 456

**Wanda PHILLIPS, a minor, by Beulah Phillips, her natural guardian and Beulah Phillips, Individually, Appellants,**

**v.**

**HENKELS AND McCOY, Marshall Hamilton and Kathy Marie Hamilton, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1976.

Decided April 13, 1978.

Harold B. Fink, Jr., Coudersport, with him Fink & Young, Coudersport, for appellants.

Henry Clay McCormick, Williamsport, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

This case involves the liability of Liberty Mutual Insurance Company on a policy of automobile insurance issued to Henkels and McCoy, a partnership engaged in the business of installing and servicing telephone cable and similar work

at various locations in the United States and Canada. The company is headquartered at Blue Bell, Pennsylvania. Appellee Marshall Hamilton was employed as a plow foreman. A plow foreman normally operated a plow with a reel of telephone cable on it which was plowed into the ground and covered. Hamilton physically ran the plow aided by two and sometimes three assistants. For many years prior to the accident the company had the policy of allowing a plow foreman to operate a company owned truck from a job site to the foreman's home over weekends. This provided the foreman with transportation to and from his home and served the additional purpose of providing the foreman with a truck if he were called upon by the company to perform any emergency work over the weekend.

On Saturday, February 23, 1974, the appellee, Marshall Hamilton, had taken his company truck to his home as was his authorized practice. In the afternoon of that day, Marshall Hamilton was about to have the family car greased and subjected to an oil change when he became aware that his sixteen year old daughter, Kathy, wished to take her girlfriend home. Consequently, he directed her to "take the truck to take the girlfriend home and I will get my car taken care of." The accident out of which this suit arose occurred when Hamilton's daughter was returning from taking her girlfriend home. The truck, driven by Kathy, struck and seriously injured Wanda Phillips, age 13, who was walking on the west berm of North Main Street, Coudersport, at the time of the accident.

As a result of the accident, a complaint in trespass was filed by the minor appellant, Wanda Phillips, and her mother, Beulah Phillips, against Kathy Hamilton, the driver, her father Marshall Hamilton, the employee and Henkels and McCoy, the employer. In a somewhat unusual procedure agreed to by the parties and accepted by the trial court, the appellants filed a petition within the framework of the action in trespass for a declaratory judgment that the insurance policy issued to Henkels and McCoy covered the accident in question. The lower court found that the policy was not applicable and this appeal followed.

The controlling provisions of the policy are found in paragraphs II(c) and (d) and read in context as follows:

"Each of the following is an insured to the extent set forth below:

"(a) the named insured;

"(b) any partner or executive officer thereof; . . .

"(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided its actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission . . .

"(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b) or (c) above."

The scope of subparagraph (d) of the policy is limited to "acts or omissions of an insured under (a), (b) or (c) above." Consequently, the limitations on the authorization to drive a company truck granted to Marshall Hamilton, the employee, apply equally to whomever is covered under the omnibus subparagraph (d); in this instance, arguably, Kathy, the minor daughter of the employee.

The scope of Marshall Hamilton's authority as an employee to use the company truck in off hours or to authorize a member of his family to do so was clearly spelled out in the testimony of Kenneth Beamer, a regional Vice President of Henkels and McCoy, the employer, and in the testimony of Marhall Hamilton, the employee to whom the truck was entrusted over the weekend. They both testified that the employee was not authorized to use the vehicle on personal business at any time or to permit anyone who was not an employee of Henkels and McCoy to ride in the truck. Marshall Hamilton testified unequivocally that he knew he was not authorized to use the truck on personal business or to permit his minor daughter to drive it. He testified that he was aware at the time that he authorized his daughter to use the truck that this was a violation of company rules.

In the face of this uncontradicted testimony of both employer and employee, appellants advanced the argument

that there was an implied consent to the use of the truck by an unauthorized member of the employee's family arising out of an alleged lax enforcement of the company rule against personal use of the truck. This argument is based on a company news letter which was issued some time after the accident. In that news letter the company issued a written warning to all who used company vehicles to adhere to the policy that "company vehicles are for company use only". The article cited three examples of misuse, the one here under review and two others in different parts of the country. The news letter deplored these examples of misuse of their fleet of some 3,000 cars and stated that "our insurance costs were involved". This was correct, as in the case before us where the insurance company is defending itself against liability. Certainly there is no implication in this statement that the company was approving the use of its insurance funds for such purposes. In context it was stating exactly the opposite.

We find no basis either in the wording of the policy or in the actions of the insured for holding that the injuries suffered by the minor appellant were covered by the policy issued to the employer of the driver's father.

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.